UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA,**

      Respondent,

v.                          4:O7CR110
                               4:09CV76

**R0DNEY EDWARD JONES,**

      Movant.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order filed September 17, 2009. (Doc. #27).[1] The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331.

On June 12, 2009, Rodney Edward Jones, a federal prisoner proceeding <u>pro se</u>, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. #20). Jones simultaneously filed a memorandum in support of his motion. (Doc. #21). The United States responded on August 14, 2008. (Doc. #23).

In his motion and supporting memorandum, Jones asserts three grounds for relief, all three of which involve allegations that his counsel was ineffective. Specifically, he claims that his counsel failed to: (1) hold the government to the terms of the plea agreement; (2) file for a suppression hearing with respect to the possession of a firearm

---

[1] Docket entries are to the criminal action.

charge; and (3) file a notice of appeal after Jones directed counsel to do so. By order filed September 17, 2009, the District Court denied the motion with respect to grounds one and two. With respect to ground three, the District Court directed that an evidentiary hearing be conducted. The matter was referred to the undersigned Magistrate Judge to conduct the hearing and prepare a Report and Recommendation recommending disposition of ground three. (Doc. #27).

By order filed September 25, 2009, Tyrone C. Johnson was appointed to represent Jones for the purpose of the evidentiary hearing. (Doc. #28). An evidentiary hearing was conducted and concluded on November 20, 2009. Following lengthy deliberation, the undersigned recommends that the District Court adopt the following findings of fact and conclusions of law.

## I.  FINDINGS OF FACT

On August 15, 2007, the grand jury returned a seven-count indictment charging Jones with distribution of cocaine and cocaine base, felon in possession of a firearm, and possession of marijuana. On December 13, 2007, Jones was arrested and appeared for his initial appearance. At that time, the undersigned appointed Walter B. Dalton to represent Jones. (Dec. 13, 2007 Minute Entry). Dalton first appeared on Jones' behalf at his arraignment on December 19, 2007. (Dec. 19, 2007 Minute Entry).

On February 7, 2008, Jones appeared before the District Court for a plea agreement hearing in accordance with Rule 11 of the Federal Rules of Criminal Procedure. At that time, Jones entered into a plea agreement with the United States and signed an accompanying statement of

facts. (Feb. 7, 2008 Minute Entry; Doc. #'s 11-12). Pursuant to such agreement, Jones pleaded guilty to distribution of cocaine base ("Count Three") and felon in possession of a firearm ("Count Six"). At the hearing, the District Court explained to Jones that, pursuant to the plea agreement, Jones was waiving his right to appeal. (Feb. 7, 2009 Minute Entry). The District Court accepted the plea agreement and Jones' plea, found Jones guilty, and continued the matter to May 16, 2008, for sentencing. (Feb. 7, 2008 Minute Entry). Pursuant to the District Court's order (Doc. #13), the Probation Office prepared a Presentence Investigation Report ("PSR") in preparation for sentencing.

At sentencing, the District Court resolved the parties' objections to the PSR and sentenced Jones to 168 months imprisonment for Count Three and 120 months imprisonment for Count Six, to be served concurrently, along with five years supervised release for Count Three and three years supervised release for Count Six, also to run concurrently. The District Court further imposed $200 in special assessments. On motion by the government, the District Court dismissed Counts One, Two, Four, Five, and Seven. (May 16, 2008 Minute Entry). Judgment was entered May 20, 2008. (Doc. #17). Jones did not appeal.

In the motion before the Court, Jones contends that he was sentenced to a longer term of imprisonment than he anticipated. (Doc. #21 at 2-3). At the evidentiary hearing, Jones testified that it was his understanding that he could only be sentenced to up to sixty months imprisonment on Count Six, and he was therefore upset when he was

3

sentenced to 120 months imprisonment. (Tr. at 17:8-12).[2] Jones also testified that he was upset that certain objections to the PSR were not made; therefore, immediately after the sentencing hearing Jones "had a couple of words" with Dalton. (Tr. at 4:20-21). According to Jones, he was angry and started cursing. (Tr. at 5:18-19). After he "got through using vulgar language," Jones asked Dalton to file a notice of appeal. (Tr. at 5:23-25). According to Jones, Dalton said no and walked out without explanation. (Tr. at 5:25 to 6:1-10).[3] Jones testified that he neither saw nor heard from Dalton again after sentencing. (Tr. at 6:9-10). When questioned further, Jones stated that he did not attempt to contact Dalton or anyone else about filing an appeal. (Tr. at 6:11-17). With regard to the waiver of appeal, at the evidentiary hearing Jones verified that he initialed and signed the plea agreement, (Tr. at 8:16-23), but testified that he did not read the agreement, (Tr. at 18:16), and did not understand that he was waiving his right to appeal, (Tr. at 7:3-11; see also Doc. #11).

In his affidavit, Dalton states that he reviewed the plea agreement with Jones prior to the Rule 11 hearing. (Doc. #23, Attach. at ¶ 5). Further, on the date of sentencing, Dalton met with Jones both prior to and after the hearing. According to Dalton, Jones did not raise any questions or objections. Id. at ¶ 6. Dalton "reminded [Jones] of the appeal waiver contained in the plea agreement, and [Jones] did not

---

[2]As acknowledged by Jones at the evidentiary hearing, the sentence he received for Count Six, while longer than he anticipated, will not add to the length of his imprisonment since it is to run concurrent with the 168-month term of imprisonment imposed for Count Three.

[3]In his motion, however, Jones states that Dalton did provide an explanation, namely, that Jones waived his right to appeal in the plea agreement. (Doc. #21 at 7).

4

instruct counsel to appeal the case." Id.; (see Tr. 28:20-23). At the hearing, Dalton testified that he reviewed the plea agreement with Jones "line by line." (Tr. at 25:8). According to Dalton, it is his customary practice to meticulously review each paragraph of a plea agreement–including any waiver of appeal language–with his clients to ensure that there are no questions. (Tr. at 25). Dalton testified that Jones appeared to understand the agreement. (Tr. at 25:18-19).

Dalton further testified that, after their discussions on the date of sentencing, he only spoke with Jones on one subsequent occasion. On February 19, 2009, Jones telephoned Dalton and asked him to inquire as to why Jones had not yet been transferred into federal custody. (Tr. at 29:5-19). Dalton made the inquiry and informed Jones what he found out. Id. Dalton also spoke with Jones' mother about the same issue. Id. According to Dalton, during these conversations, neither Jones nor his mother mentioned anything about the status of any appeal. (Tr. at 30:5-18). Dalton testified that, had Jones instructed him to file a notice of appeal, he would have done so despite the fact that Jones had waived his right to appeal. (Tr. at 30:19-22).

## II. CONCLUSIONS OF LAW

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues; (2) challenges to the District Court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the

sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.[4]

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). The movant bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

In his pro se motion, Jones alleges that he was denied effective assistance of counsel when his counsel failed to file a notice of appeal after Jones instructed him to do so. To prevail on a claim of ineffective assistance of counsel, the movant bears the burden of showing: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). "To prevail, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that such deficient performance was prejudicial." U.S. v. Willis, 273 F.3d 592, 598 (5th Cir. 2001) (citing Strickland, 466 U.S. at 687). If the petitioner makes an insufficient showing on one component of the Strickland analysis, it is not necessary for the court to address both

---

[4]Title 28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

components.  Strickland, 466 U.S. at 697.

When evaluating an ineffective assistance claim based upon counsel's alleged failure to file an appeal, this Court is guided by Roe v. Flores-Ortega, 528 U.S. 470 (2000).  In Flores-Ortega, the Supreme Court held that the Strickland test applies to claims that counsel was ineffective for failing to file a notice of appeal.  In evaluating such claims, the Court held that where a defendant asks that an appeal be filed, and the attorney does not file one, the attorney's conduct is per se deficient under the first component of the Strickland analysis.  Id. at 478; see United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007) (holding that "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in [a] plea agreement").[5]

As stated above, at the evidentiary hearing, Jones' counsel called Jones as a witness.  Additionally, the United States called as a witness Jones' defense counsel in the underlying criminal proceedings, Walter Dalton.  The testimony of both witnesses stood in stark contrast to one another, except that both testified that their discussion following Jones' sentencing was strained.[6]  The Court is therefore faced with a credibility determination.  Having heard the testimony of both

---

[5] Likewise, counsel is under no obligation to file a notice of appeal where his client explicitly instructs him not to do so.  Flores-Ortega, 528 U.S. at 478.

[6] Jones' own account of his behavior during this discussion is almost comical.  According to Jones: "[A]fter I got through using vulgar language I asked him–first I said, 'Could you please appeal my case?'" (Tr. at 5:23-25).

7

Jones and Dalton, the Court finds that Jones was not credible. As his testimony progressed, Jones appeared to become increasingly desperate, stating that not only did Dalton not file an appeal, but that Jones never understood the plea agreement or his waiver of his right to appeal contained therein. This, in spite of overwhelming evidence to the contrary that he was aware of his appellate rights. Further, Jones candidly admitted that he took no affirmative action to inquire into the status of any appeal, which greatly undermines any claim that he thought one had been filed.

Dalton's testimony, on the other hand, was more believable. Dalton testified that he consulted with Jones on several occasions and, in accordance with his customary practice, reviewed the plea agreement line by line. Dalton further testified that Jones did not instruct him to file an appeal. The Court further credits Dalton's testimony that, had he been instructed to filed a notice of appeal, he would have done so.

Based on the testimony presented at the evidentiary hearing, the Court finds that Jones never asked Dalton to file an appeal on his behalf. Accordingly, the fact that Dalton did not file an appeal was not per se deficient. See Flores-Ortega, 528 U.S. at 478.

Having determined that Jones did not explicitly instruct Dalton to file a notice of appeal, the Court turns next to the issue of

whether Dalton consulted[7] with Jones about his appellate rights. In Flores-Ortega, the Supreme Court addressed whether counsel performed deficiently by not filing a notice of appeal in the "in between" cases (such as the instant case) where the defendant did not clearly convey "his wishes one way or another." Id. at 477; see Poindexter, 492 F.3d at 268. As explained by the Supreme Court:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question of whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. . . . If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

Flores-Ortega, 528 U.S. at 478; see Poindexter, 492 F.3d at 269 (discussing the holding of Flores-Ortega and stating that "it is only when the defendant either does not make his appellate wishes known or does not clearly express his wishes that an attorney has some latitude in deciding whether to file an appeal.").

Dalton credibly testified that, after sentencing, he had a discussion with Jones about the sentence imposed and reminded him of his waiver of appeal. As noted above, the Court finds Dalton's testimony credible and finds both that he did consult with Jones about his appellate rights and that Jones never asked Dalton to file a notice of

---

[7] As used by the Supreme Court, the term "consult" has a specific meaning: "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Flores-Ortega, 528 U.S. at 478.

9

appeal. Thus, Dalton did not perform deficiently. Flores-Ortega, 528 U.S. at 478. For these reasons, Jones' claim that he was denied effective assistance of counsel due to his counsel's failure to appeal fails.[8]

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court adopt the foregoing findings of fact and conclusions of law, and deny Jones' motion with respect to ground three.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based

---

[8] As noted supra, because Jones failed to make a sufficient showing on the performance component of the Strickland analysis, it is not necessary for the Court to address the prejudice component. Strickland, 466 U.S. at 697.

10

on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
**James E. Bradberry**
**United States Magistrate Judge**

**Norfolk, Virginia**
**January 6, 2010**